MICHAEL GRASSO, MARGARET GRASSO, AND MICHAEL GRASSO, JR., PLAINTIFFS-APPELLANTS, v. JOHN DEITER, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST, AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 22, 1974—Decided February 4, 1974.

Before Judges HALPERN, MATTHEWS and BISCHOFF.

*Messrs. Franklin and Keck,* attorneys for appellants.

*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney for respondent State of New Jersey (*Mr. Kenneth M. Olex,* Deputy Attorney General, of counsel and on the brief).

Respondent Deiter did not file a brief.

PER CURIAM. Plaintiffs appeal from a judgment dismissing their tax sale foreclosure action. In 1935 the Borough of Beachwood sold Lots 53, 54, 55 and 56 in Block M34 for unpaid taxes to Idelle Patterson and delivered to her the tax sale certificates. She owned fee title to other lands in the same block. Late in the 1930's Idelle Patterson caused certain structures to be erected on the lands covered by the tax sale certificates and used the structures in conjunction with buildings erected on the adjoining lands she owned in fee. In 1951 she conveyed title to the lands owned by her in fee and assigned the tax sale certificates to the lands in question to the Porters who, in turn, conveyed the fee and assigned the tax sale certificates to plaintiffs in 1972. The buildings erected on the lands covered by the tax sale certificates have continued to be used in conjunction with the buildings erected on the land to which plaintiffs hold title in fee. Taxes on the lands covered by the tax sale certificates have been paid since 1935.

Plaintiffs filed a complaint to foreclose the tax sale certificates on April 12, 1973. Thereafter, default was entered against all defendants and plaintiffs sought an order fixing the time, place and amount for redemption. The standing master refused to enter such an order and, instead, entered an order dismissing the complaint for failure of plaintiffs to foreclose the tax sale certificates before the expiration of 20 years from the date of sale, citing *N. J. S. A.* 54:5–79.

Plaintiffs appeal, contending the 20-year limitation does not apply to them for they entered into "actual possession of the land purchased." The statute reads, in applicable part, as follows:

The title of a purchaser at a sale shall cease and determine and the certificate of sale shall be void at the expiration of 20 years from the date of the sale, unless the purchaser, his heirs or assigns shall, before the expiration of that term, enter into actual possession of the land purchased * * *.

In the case of *Brewer v. Porch,* 53 *N. J.* 167 (1969), the Supreme Court was concerned with whether or not the right to redeem lands sold for taxes was barred when a purchaser of a tax sale certificate entered into possession and remained in possession for more than 20 years, pursuant to *N. J. S. A.* 54:5–78. That statute provides:

If there shall be no redemption within the term limited by the notice provided in section 54:5–77 of this title, or if there shall be no redemption *within twenty years after the purchaser has entered into open possession,* since continued, under the sale, the right of redemption shall be barred. [Emphasis supplied]

After reviewing the applicable statutes, Justice Haneman, writing for the Supreme Court, said:

* * * It appears from the foregoing statutes that in 1918 the Legislature granted to the holder of a recorded tax sale certificate the immediate and absolute right to the possession of the property described in the certificate; limited this right in 1926; and completely eliminated it in 1929. From 1929 there has existed no statutory grant

of any right to possession by an individual for any purpose. Since the rights arising under a tax sale certificate are, "'solely statutory in origin and are fixed and determined by the statute," in the absence of affirmative statutory grant, the holder of a tax sale certificate has no such right * * *. [*Brewer v. Porch*, *supra* 53 *N. J.* at 177–178]

Further, he said the judicial construction of the tax sale law had demonstrated that "an individual holder of a tax sale certificate has no right to possession of the tax delinquent lands * * *." *Id.* at 179. Thus, he held that portion of *N. J. S. A.* 54:5–78 which reads, "or if there shall be no redemption within twenty years after the purchaser has entered into open possession, since continued, under the sale," was impliedly repealed by subsequent statutes.

Both *N. J. S. A.* 54:5–78 and *N. J. S. A.* 54:5–79 were enacted as part of *L.* 1918, *c.* 237. It follows that the provision of *N. J. S. A.* 54:5–79 which tolls the 20-year limitation when the purchaser enters "into actual possession" has also been repealed by implication, and the judgment dismissing the foreclosure action must be affirmed.

This holding, of course, is without prejudice to the rights of plaintiffs to pursue any other existing remedy to endeavor to perfect their title to the lands covered by the tax sale certificate.